IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-295-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ROBERT TOBORIS LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a deputy with the Nash County Sheriff's office who is assigned to the Raleigh Drug Enforcement Administration Task Force. Defendant presented the testimony of the proposed third-party custodian, a friend of his, and introduced a letter from a company offering defendant a job. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a seven-count indictment on 29 December 2014 with: distribution of a quantity of cocaine base (*i.e.*, crack) once on or about 28 May 2013, once on 4 June 2013, twice on 5 June 2013, and once on June 7, 2013 in violation of 21 U.S.C. § 841(a)(1) (cts. 1-5); possession with intent to distribute a quantity of crack on or about 7 June 2013 in

violation of 21 U.S.C. § 841(a)(1) (ct. 6); and possession with intent to distribute 500 grams or more of cocaine on 7 June 2013 in violation of 21 U.S.C. § 841(a)(1) (ct. 7). The evidence presented at the hearing showed that defendant engaged in five controlled, audio- and video-recorded sales of about 11 grams of cocaine to a confidential source on the alleged distribution dates. On 7 June 2013, police located in an apartment at which defendant apparently stayed from time to time over 550 grams of cocaine and 7 grams of crack, along with drug paraphernalia. In a post-arrest statement to police, defendant acknowledged the cocaine in the apartment, noting that there previously had been more of it there.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the large amount of cocaine located in the apartment and defendant's alleged participation in multiple drug transactions; defendant's criminal record, including two prior felony drug convictions for which he served over eight months in custody, commission of one of the drug felonies while on (unsupervised) probation, two misdemeanor convictions, and two failures to appear; the danger of continued drug trafficking by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the home on a regular basis for fulltime work (although defendant proffered that other friends and/or family could supervise defendant when the proposed third-

party custodian was away from home), the presence of the proposed custodial home in the same community in which defendant engaged in the alleged drug trafficking, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's self-employment as a trainer, the availability of a job to defendant from an outside employer, defendant's status as the president of the Princeville Head Start program (serving children in the community), and his family support. It finds, however, that the factors favoring detention outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 9th day of January 2015.

_____
James E. Gates
United States Magistrate Judge